**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 12-106-DLB**

**CHARLES KALLICK**                                                                      **PLAINTIFF**


**VS.**                        **MEMORANDUM OPINION AND ORDER**


**U.S. BANK NATIONAL ASSOCIATION**

                                                                                          **DEFENDAN
                                                                                          T**


\* \* \* \* \* \* \* \* \*

## I.   INTRODUCTION

In his complaint, Plaintiff Charles Kallick alleges that Defendant U.S. National Bank
Association is liable for breach of contract (Count I), fraud (Count II), and promissory
estoppel (Count III) because it induced him to leave his real estate practice and accept a
banker position but then terminated him three months into the job.  As explained below,
Defendant is not liable for breach of contract because Plaintiff has failed to adequately
plead the existence of an employment contract; further, Defendant is not liable for
promissory estoppel or fraud because Plaintiff has failed to specifically allege that
Defendant made any promises or misrepresentations.

Plaintiff initiated the instant case with the filing of a Complaint on March 23, 2012,
in Campbell County Circuit Court.  (*See* Doc. # 1-1).  Defendant then removed the case to
this Court on May 2, 2012.  (*See* Doc. # 1).  This matter is currently before the Court on
Defendant's Motion To Dismiss (Doc. # 7).  This motion is fully briefed and ripe for review.
(*See* Docs. # 7-1, 12, 14).  On October 10, 2012, the Court held oral argument on the

motion.  Attorney Kevin Moser appeared on behalf of Plaintiff and Attorney Doreen Canton appeared on behalf of Defendant.  The hearing was recorded by Official Court Reporter Lisa Wiesman.  At the conclusion of the hearing, the Court took the motion under submission.  By this Memorandum Opinion and Order, the Court **grants** Defendant's Motion To Dismiss.

## II.   FACTUAL BACKGROUND

Plaintiff Charles Kallick was a realtor with a lucrative practice when he was contacted by Shawn Cole, an employee of Defendant U.S. Bank National Association.[1] Cole recruited Plaintiff to work for Defendant as a banker.  In the course of this recruitment, Cole arranged for Plaintiff to  meet with the President of Defendant's Northern Kentucky operations, known to Plaintiff as "Mr. Groneck."  (Doc. # 1-1, ¶ 7).  Groneck spoke with Plaintiff about Plaintiff's real estate practice.  Ultimately, Cole hired Plaintiff as a banker and began training him for the position.  Plaintiff "surrendered" his "lucrative real estate sales business" in order to work for Defendant.  (*Id.* at ¶ 11).  Plaintiff then began three months of training with Defendant.  Before Plaintiff finished his training, Defendant advised him that it was terminating his employment because of a conflict of interest relating to his former real estate business.

## III.   ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair

---

[1] Plaintiff does not include a single date in his Complaint.  However, in the Declaration of Eric Soldano (Doc. # 7-2) attached to Defendant's motion to dismiss, Soldano asserts that Plaintiff was hired in October of 2011.

notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551

U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In

reviewing a Rule 12(b)(6) motion to dismiss, this Court "must construe the complaint in a

light most favorable to the plaintiff, and accept all of [his] factual allegations as true.  When

an allegation is capable of more than one inference, it must be construed in the plaintiff's

favor." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citations omitted).  The Court,

however, is not bound to accept as true unwarranted factual inferences, *Morgan v.

Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), or legal conclusions unsupported

by well-pleaded facts.  *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947,

950 (6th Cir. 1990).

To survive a motion to dismiss, the complaint "does not need detailed factual

allegations," *Twombly*, 550 U.S. at 555, but it must present "enough facts to state a claim

to relief that is plausible on its face." *Id.* at 570.  To satisfy this standard, the complaint

must provide "more than labels and conclusions [or] a formulaic recitation of the elements

of a cause of action." *Id.* at 555.  The "[f]actual allegations must be enough to raise a right

to relief above the speculative level." *Id.*

**B.  Defendant's Motion To Dismiss (Doc. # 7)**

> **1.     Plaintiff does not a state a claim for breach of contract (Count I)
> because he has not alleged that Defendant made oral assurances
> converting the Parties' at-will employment relationship to a for-cause
> employment relationship.**

In Kentucky, it is well-settled that an employment relationship is presumed to be "at-

will," meaning that it is not governed by contract and thus it is terminable by either party at

any time "for any reason or no reason at all." *Nork v. Fetter Printing Co.*, 738 S.W.2d 824,

826-27 (Ky. App. 1987). However, a significant exception to this "employment at-will doctrine" was crafted by the Kentucky Supreme Court in *Shah v. American Synthetic Rubber Corp.*, 655 S.W.2d 489 (Ky. 1983). In *Shah*, the court held that an employee can overcome the legal presumption of at-will employment by demonstrating a "clear statement" from his employer not to fire him without cause. *McNutt v. Mediplex of Kentucky, Inc.*, 836 F.Supp. 419, 421 (W.D. Ky. 1993) (citing *Shah*, *supra*, at 492). The rationale behind *Shah* was that an employer's covenant not to terminate without cause modifies the at-will relationship into a for-cause relationship, creating a contract without any consideration beyond the employer's expectation of the employee's services, and the employee's performance of those services. *Shah*, *supra*, at 492. Under *Shah*, therefore, an employee seeking to prove the existence of a "for-cause" employment contract must show that he was offered employment for an indefinite period of time with a covenant not to terminate without cause.[2] *See, e.g.*, *McNutt*, *supra* at 420.

Here, Plaintiff cannot state a claim for breach of contract because he has not alleged that Defendant offered to employ him for an indefinite period of time with a covenant not to terminate without cause. *See McNutt*, 836 F.Supp. at 420. In fact, Plaintiff has not alleged that Defendant made *any* statement to him at all. Instead, Plaintiff summarily alleges that Defendant hired him, employed him for three months, and then fired him. Inexplicably, Plaintiff concludes from these facts that Defendant breached a contract with Plaintiff by "not actually offer[ing] Plaintiff employment as the contract required." (*See* Doc.

---

[2] A separate exception to the employment at will doctrine allows the employee to demonstrate the existence of an employment contract by proving that his employer offered to hire him for a definite term. *McNutt*, 836 F.Supp. at 419. Plaintiff does not argue this exception applies.

# 1-1, ¶ 15).  The Court will disregard this contradictory conclusion because elsewhere the

Complaint alleges that Defendant did employ Plaintiff.  (*See id.* at ¶¶ 9-14).  As Plaintiff has

not alleged that Defendant promised not to terminate him without cause, he is presumed

to be an at-will employee without an employment contract, and the Court must dismiss his

breach of contract claim.   This conclusion is supported by the Western District of

Kentucky's decision in *Lorson v. Wal-Mart Stores, Inc.*, No. Civ. A. 5:05CV-50-R, 2005 WL

1287421, at *3 (W.D. Ky. May 31, 2005).  In that case, the plaintiff alleged that she had "an

oral contract of employment which was modified and reinforced by [the defendant's] . . .

express and implied statements . . . ."  *Id.*   However, because the plaintiff failed to

specifically allege the substance of the oral statements, the court granted the defendant's

motion to dismiss her breach of contract claim.  *Id.*  Here, Plaintiff's breach of contract claim

suffers from the same deficiency as Lorson's, and must suffer the same fate.

Plaintiff's failure to allege any oral promise makes this case wholly distinguishable

from the case on which he relies, *Hammond v. Heritage Communications, Inc.*, 756 S.W.2d

152 (Ky. App. 1988).  In *Hammond*, the manager of a radio station assured a female at-will

employee that she would not lose her job if she posed for *Playboy* magazine.  *Id.* at 154.

She posed, and she was fired.  *Id.* at 153.  The trial court found that the manager's promise

did not create a contract between the parties because there was still no mutuality of

obligation and because the plaintiff had suffered no damages.  *Id.*  However, the Kentucky

Court of Appeals reversed, holding that the station manager's promise created an issue of

fact as to "whether an oral contract modifying [the plaintiff's] status as an at-will employee

was entered into between the parties."  *Id.*  Plaintiff urges the Court to apply *Hammond* and

find that Defendant's "specific promises" modified Plaintiff's at-will agreement.  (Doc. # 12,

at 3).  However, his Complaint contains no "specific promises."  Accordingly, *Hammond* is inapplicable.

It is also irrelevant that Plaintiff "understood" that he would have a "good faith chance to succeed" at his job as a banker.[3]  A for-cause employment contract cannot be established on an employee's subjective understanding; it can only be grounded on an objective manifestation of the employer's intention.  *Shah*, 655 S.W.2d at 491-92; *Hines v. Elf Atochem North America, Inc.*, 813 F.Supp. 550, 552-53 (W.D. Ky. 1993).  Thus, an employee's understanding that he can keep his job "as long as performs satisfactorily" is insufficient to form a contract, *see McNutt*, 836 F.Supp. at 422 (quoting *Shah*, *supra* at 491), even if his employer had expressed optimism about his future with the company.  *See Hines*, *supra* ("[S]tatements about 'great futures' do not meet the criteria to form an oral contract.").  Here, Plaintiff attempts to substitute a subjective impression of job security for an objective guarantee of job security.[4]  Such vague and unfounded impressions are insufficient to form a contract.

> **2.    Count II (fraud) and Count III (promissory estoppel) should be dismissed because Plaintiff does not allege that Defendant made a specific promise or a specific misrepresentation**

Plaintiff's fraud and promissory estoppel claims fail for the same reason as his breach of contract claim: Plaintiff has not alleged that Defendant made *any* oral statements to him at all, let alone a specific promise or a specific misrepresentation.

---

[3]  Plaintiff advanced this argument several times at oral argument.

[4] Plaintiff's subjective understanding is also insufficient to support a claim for promissory estoppel. *See, e.g.*, *Butler v. Progressive Casualty Ins. Co.*, No. Civ.A.5:04 CV 84 R; 2005 WL 1009621, at ** 1-4 (W.D. Ky. April 25, 2005) (no grounds for promissory estoppel where employer told employee he would "have a job as long as he did his job").

A promise to employ can support a promissory estoppel claim. *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 470 (Ky. 1999); *see also, Sawyer v. Mills*, 295 S.W.3d 79, 89-91 (Ky. 2009) (applying promissory estoppel to a promise of at-will employment, and holding that it is "clear" that promissory estoppel is "alive and well in this Commonwealth"); *Brown v. Louisville Jefferson County Redevelopment Authority, Inc.*, 310 S.W.3d 221, 224-25 (Ky. App. 2010) (holding that promissory estoppel is viable whether an employer promises to employ for a definite or an indefinite term); *Street v. U.S. Corrugated, Inc.*, No. 1:08-CV-00153, 2011 WL 304568, at *6 (W.D. Ky., Jan. 25, 2011) ("The doctrine of promissory estoppel is applicable and binding to oral employment at-will agreements . . . "). To adequately support a promissory estoppel claim, a plaintiff must first show that the defendant made a promise. *Res-Care, Inc. v. Omega Healthcare Investors, Inc.*, 187 F.Supp.2d 714, 718 (W.D. Ky. 2001) (citing *McCarthy v. Louisville Cartage Co., Inc.*, 796 S.W.2d 10, 11 (Ky. App. 1990)).

Under Kentucky law, "a promise is a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." *Street*, *supra* (quoting *Restatement (Second) of Contracts* § 2(1) (1981)); *see also Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648 F.3d 461, 472 (6th Cir. 2011) (quoting the same definition of a promise). It follows from this definition that the promise must unambiguous. *Ashland, Inc. v. Oppenheimer & Co., Inc*, 689 F.Supp.2d 874, 890 (E.D. Ky. 2010), aff'd 648 F.3d 461 (6th Cir. 2011).

As Defendant correctly notes, Plaintiff's Complaint does not identify any specific promise he relied upon to his detriment.[5] (*See* Doc. # 14, p. 4).  In his cause of action for promissory estoppel, Plaintiff asserts that he "reasonably relied on the promises of Defendant to induce him into the training program upon promises of employment" and that he "acted in forbearance in continuing his real estate practice in reliance on the Defendant's promises." (Doc. # 1-1, ¶¶ 26-27).  But as noted above, the Complaint does not identify *any* promise Defendant allegedly made to Plaintiff.  It merely relates that Cole and Groneck "recruited" Plaintiff and that Cole "hired" him. (*See id.* at ¶¶ 4-9).  He has not divulged who allegedly promised him employment, when or where the promise was made, whether the promisor acted as an agent of Defendant, or specifically what the promisor said.  Plaintiff's allegations are thus conclusory and fall far short of an unambiguous promise to "act in a specified way" sufficient to "justify [Plaintiff] in understanding that a commitment has been made." *See Street, supra.*  Moreover, even if the Court were to infer that the "promise" was an offer to employ Plaintiff, no reliance damages would exist since Defendant employed Plaintiff for three months, and as an at-will employee, he was not entitled to a set term of employment.  Accordingly, his promissory estoppel claim fails.

Plaintiff's fraud claim fails for the same reasons.  To succeed on a claim for fraud, a plaintiff must prove by clear and convincing evidence that the defendant: (1) made a material misrepresentation; (2) which is false; (3) the defendant knew the representation was false or made it recklessly; (4) the defendant intended that the plaintiff act upon it; (5)

---

[5] While Defendant impermissibly raised this argument for the first time in its Reply brief, *see American Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004), the Court granted Plaintiff ample opportunity to respond to it at oral argument.  Thus, the Court has considered Defendant's argument in ruling on the instant motion.

the plaintiff did act upon it; and (6) the plaintiff was injured as a result. *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky. App. 2007). Although a claim of fraud is normally subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, *see Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 253-54 (6th Cir. 2012), Defendant has failed to raise Rule 9(b) in its motion and has waived the Rule's specificity requirement for the purposes of the instant motion. *See* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1300 (3d ed. 2004 and Supp. 2012) ("Several federal courts have properly held that a party who fails to object to the manner in which fraud or mistake is pleaded waives the specificity requirement set out in Rule 9."); *Payne v. United States*, 247 F.2d 481 (8th Cir. 1957) (refusing to consider defendant's Rule 9(b) argument because it was not made until after trial); *Milan v. Colvin*, No. 09–3666 (DWF/TNL), 2011 WL 1988205, at *5 (D. Minn. May 20, 2011) (refusing to consider defendant's Rule 9(b) argument because it was not made until summary judgment).

However, even under Rule 8's pleading standard, Plaintiff fails to state a claim for fraud because he does not allege that Defendant made a specific misrepresentation to him. In his cause of action for fraud, Plaintiff alleges that Defendant committed fraud by representing that it could employ Plaintiff even though it "knew or had cause to know that it would be unable to offer Plaintiff the employment discussed in meetings between the parties." (Doc. # 1-1, ¶¶ 19, 20). This allegation is the sort of legal conclusion unsupported by well-pleaded facts condemned by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), for reasons the Court has already made plain in this order.

9

Plaintiff's flawed promissory estoppel and fraud claims sharply contrast with the successful promissory estoppel and fraud claims asserted in *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999).   In *Rickert*, a pilot brought breach of contract, promissory estoppel, and fraud claims against UPS for refusing to hire him after an unnamed UPS representative promised him indefinite future employment if he remained in the employ of a UPS contract carrier throughout a period of internal reorganization.  *Id.* at 467.  Based on this promise, the pilot continued working for his UPS contract carrier and did not look for other employment.  *Id.*  When the reorganization was completed, however, UPS refused to hire him.  *Id.*  At trial, the court directed a verdict against the pilot on his breach of contract claim, but permitted the fraud and promissory estoppel claims to proceed to the jury, which in turn awarded the pilot damages on both claims.  *Id.*  On appeal, the Kentucky Supreme Court held that there was sufficient evidence for the trial court to submit the plaintiff's fraud and promissory estoppel claims to the jury.  *Id.* at 470. While the pilot could not name the UPS representative who promised him employment, he had taken notes during the meeting in which the promises were made, and testified clearly regarding what was promised and when the meeting occurred.  *Id.* at 468.  Moreover, several other pilots had been present at the meeting and testified that they had heard the same promises.  *Id.*

By contrast, Plaintiff alleges none of the specifics offered by the pilot in *Rickert*.  Nor does the Complaint "raise a reasonable expectation that discovery will reveal [such] evidence." *Twombly*, *supra* at 556.  Instead, the Complaint requires the Court to speculate that Plaintiff might have a "legally cognizable right of action."  *Id.*  The Court is not permitted nor inclined to engage in such speculation.  *See id.*   Thus, while *Rickert* was not decided

at the pleading stage, the contrast to the instant case is still instructive.

Plaintiff's fraud claim is more akin to the one alleged in *Bowers v. State Farm Ins. Co.*, No. 3:09-CV-290, 2011 WL 1362168 (W.D. Ky. April 11, 2011). In *Bowers*, State Farm offered an "Agency Career Track" program for employees interested in receiving the training necessary to qualify for independent contractor positions that occasionally opened with State Farm (known as "agency" positions). *Id.* at * 1. Bowers was a State Farm employee who was accepted into the program. *Id.* Although several agency positions opened up while Bowers was in the program, he was passed over for all of them. *Id.* Eventually, State Farm terminated him when it learned that he had violated State Farm's Code of Conduct. *Id.* Bowers then brought a fraudulent inducement claim against State Farm, alleging that State Farm led him to believe he would receive an agency position if he completed the training program. *Id.* at **2-3. The district court granted State Farm summary judgment on this claim because it found that Bowers

> "failed to identify any . . . false material representations that he was guaranteed a position, other than that his particular situation conflicted with his general understanding of how things worked at State Farm. There is no evidence that any employee of State Farm made a statement to him that he would absolutely be appointed to an Agency position if he successfully completed the program."

*Id.* at * 3. The district court also denied Bowers motion to amend under Rule 59(e) because it found that Bowers had presented none of the proof offered by the pilot in *Rickert. Id.* Like Bowers, Plaintiff has failed to allege that an employee of Defendant made a statement to him that he was guaranteed employment as a banker if he completed Defendant's training program. Therefore, his fraud claim fails.

### 3.   Plaintiff may not amend his Complaint by asserting new facts in his Response brief (Doc. # 12)

Plaintiff impermissibly attempts to cure his deficient breach of contract, promissory estoppel, and fraud claims by newly alleging in his Response brief (Doc. # 12) that his participation in Defendant's training program did not constitute employment, and that Defendant promised that it would employ him *after* he completed the training program. For example, Plaintiff alleges that Defendant made "multiple representations and specific promises...that employment *would be* waiting for [him] ... *after* he completed the training program, and additionally, that the Plaintiff *would be* giving up certain opportunities to enter into this relationship." (Doc. # 12, at 3) (emphasis added). Plaintiff further alleges in his Response brief that he promised to "give up his present employment opportunities to become an employee of the Defendant in return for the *Defendant's promise* that good faith employment opportunities *would await him on the completion of the Defendant's normal training program*." (*Id.* at 8) (emphasis added).

By these new allegations, Plaintiff claims that he was not a paid employee while he was participating in Defendant's training program, and that Defendant guaranteed him paid employment *after* he completed the program. At oral argument on the instant motion, Plaintiff's counsel confirmed that this is exactly Plaintiff's theory, adding for the first time that Plaintiff did not receive wages or benefits during the training program.[6] Thus, Plaintiff seeks to effectively amend his Complaint by adding new factual allegations in both his Response brief and his answers at oral argument. This he may not do. "It is a basic principle that the complaint may not be amended by [a] brief[ ] in opposition to a motion to

---

[6] Defendant's counsel responded that Defendant did pay Plaintiff during the training program.

dismiss . . . ." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012).

As Plaintiff has not formally moved to amend his Complaint, the Court will not consider the

new allegations in his Response brief.  In addition, the Court will not permit Plaintiff an

opportunity to amend his Complaint because he is "not entitled to an advisory opinion from

the Court informing [him] of the deficiencies of [his] complaint and then an opportunity to

cure those deficiencies."  *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir.

2000).

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)     Defendant U.S. National Bank Association's Motion To Dismiss (Doc. # 7) is

hereby **GRANTED**; and

(2)     Plaintiff Charles Kallick's Complaint (Doc. # 1-1) is hereby **DISMISSED**.

This 18th day of October, 2012.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2012\12-106 MOO granting MTD - Kallick.wpd